CAMPBELL and Others v. JUDD and Others.

No. 9614; August 26, 1885.

7 Pac. 804.

Insolvency—Petition in Insolvency Held Sufficient.[1]

APPEAL from Superior Court, Nevada County.

The petition for insolvency mentioned in the opinion is as follows:

"[Title of Court and Cause.]

"To the Hon. John Caldwell, Superior Judge of said Court:

"The petition of Wilcox & Powers & Co. (a copartnership), Carton, McCarthy & Co. (a copartnership), William Treloar, Theodore Wilhelm, and William Campbell, all residents and citizens of the state of California, respectfully shows that Jas. F. Judd and M. McDonough, copartners under the name and style of 'J. F. Judd,' are indebted to your petitioners as follows: To Wilcox, Powers & Co. in the sum of $346, for goods delivered to them during 1883; to William Treloar in the sum of $6.75, for goods delivered to them during 1883; to Theodore Wilhelm in the sum of $22.95, for goods delivered to them during 1883; to William Campbell in the sum of $251.40, for goods delivered to them in 1883; that all of said debts and demands accrued in this state. And your petitioners further represent that each of said sums are due and unpaid, and have not been assigned to your petitioners in whole or part; that said Jas. F. Judd and McDonough reside in said county, and have permitted their property to remain under attachment for over four days, and that they are insolvent, and have so been before and ever since said attachment was levied on their said property; that the said insolvents have no other property. Wherefore, your petitioners pray that this court issue an order to show cause, at a time and place fixed by this court, why the said J. F. Judd and M. McDonough should

---

[1] Cited and approved in In re Dennery, 89 Cal. 105, 26 Pac. 639, where the petition is held sufficient if that of five or more creditors, representing at least five hundred dollars in all and stating that the demand is for a certain sum which is due for goods sold and delivered by the petitioners to the respondent, at a certain place, within a year past at his request.

not be adjudged insolvents, and the surrender of their estates be made for the benefit of their creditors, in the manner required by insolvent debtors.

"A. BURROWS,
"Attorney for Petitioners.
"[Duly verified.]"

Chas. W. Kitts for appellants; A. Burrows, for respondents.

By the COURT.—Conceding, without deciding, that the appellant has the right to prosecute this appeal, we are of opinion that the record is without error. The contention here is that the petition is defective. We have examined it, and are of opinion that it complies with the requirements of the statute, and is sufficient. Orders affirmed.